UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LISSI LYTLE,

    Plaintiff,               CASE NO.:

vs.

HUMANITARY MEDICAL
CENTER, INC., a Florida
Profit Corporation,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff LISSI LYTLE, by and through her undersigned counsel, brings this action against Defendant HUMANITARY MEDICAL CENTER, INC., a Florida Profit Corporation, and states as follows:

## INTRODUCTION

This is an action to remedy discrimination pursuant to the provisions of the Age Discrimination in Employment Act ("ADEA"), the Florida Civil Rights Act §§ 760.01-760.11, Florida Statutes ("FCRA"), and the Florida Whistleblower Act, Florida Statute §448.102 (FWA). Plaintiff is seeking damages including back pay, front pay, compensatory damages, liquidated damages, punitive damages (if permitted to be pled), attorneys' fees and costs,

and any other relief to which the Plaintiff is entitled including but not limited to equitable relief.

## JURISDICTION AND VENUE

1. This is an action at law that raises a federal question under federal law.

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 and has subject matter jurisdiction over Plaintiff's state law claims.

3. The Plaintiff's claims arise under the laws of the United States. Venue is proper pursuant to 28 U.S.C. § 1391.

4. This Court has supplemental jurisdiction over Plaintiff's state law claims.

5. This Court has jurisdiction over Plaintiff's claims because at all times material to this Complaint, Plaintiff worked for Defendant in both Hillsborough County, Florida and Pinellas County, Florida.

6. The illegal conduct occurred within the judicial district in and for this District.

7. Plaintiff timely filed her Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), on January 28, 2025.

8. On January 15, 2026, the EEOC issued its right-to-sue letter.

9. Therefore, this Complaint is filed within 90 days of Plaintiff

receiving her right-to-sue letter.

## PARTIES

10. Plaintiff is an adult individual who resides in Wesley Chapel, Pasco County, Florida.

11. At all times material hereto, Plaintiff worked for Defendant in both Hillsborough County, Florida and Pinellas County, Florida.

12. Defendant is and was, at all relevant times, a Florida Profit Corporation, operating in Hillsborough County, Florida and Pinellas County, Florida and is within the jurisdiction of this Court and this District.

13. Defendant was an employer as defined by the laws under which this action is brought and employs greater than 15 employees.

14. Plaintiff was an "employee" as defined by the ADEA.

15. Defendant is an "employer" as defined by the ADEA.

16. Plaintiff was an "employee" as defined by the FCRA.

17. Defendant is an "employer" as defined by the FCRA.

18. At all times pertinent hereto, Plaintiff has been a resident of the state of Florida and was employed by Defendant.

## ADEA AND FCRA STATUTORY PREREQUISITES

19. Plaintiff was fifty years (50) years of age at the time of her termination from Defendant.

20. Defendant discriminated against Plaintiff because of her age.

21. Plaintiff is a member of a class of individuals protected by the ADEA and FCRA.

22. Plaintiff meets the statutory criteria coverage as an "employee" under the ADEA and FCRA.

23. At all times material to the allegations herein, Plaintiff was qualified for her role as the Human Resources Manager with Defendant.

24. Plaintiff timely filed her Charge of Discrimination with the EEOC on January 28, 2025.

25. The EEOC issued a Dismissal and Notice of Rights on January 15, 2026.

26. Therefore, this Complaint is being filed within 90 days of Plaintiff receiving her right-to-sue letter.

27. Accordingly, Plaintiff has complied with all other ADEA and FCRA requirements and all prerequisites prior to bringing this lawsuit.

## **FACTUAL ALLEGATIONS**

28. On May 8, 2023, Plaintiff was hired as the Human Resources Manager for HMC.

29. Plaintiff reported directly to Juan Herrera, Consultant, and Dr. Eliecer Gonzalez, the owner of the Company.

30. Plaintiff performed her job well and had no discipline or performance issues.

31. In Early 2024, Plaintiff discovered that the Defendant was not paying overtime hours as directed by the Fair Labor Standards Act and she reported these violations to Gonzalez and Herrera.

32. On June 19, 2024, a new employee, Linda Peason began her employment at the Pinellas office as the Front Desk Receptionist.

33. However, a few days later, Gonzalez saw Ms. Pearson and immediately requested that Plaintiff terminate her because in Gonzalez's words, "she was too old."

34. Plaintiff objected to this request and informed Gonzalez that his request amounted to age discrimination in violation of federal and state law.

35. Gonzalez ignored Plaintiff's admonition and instructed her to move forward with the termination.

36. In addition to instructing Plaintiff to terminate this employee because of her age, Gonzalez and Herrera specifically advised Plaintiff that she must take a person's age into consideration when hiring employees for certain departments.

37. Indeed, Gonzalez and Herrera opined that "older men" typically have more physical limitations, and therefore, should not be considered for certain roles.

38. Plaintiff again objected to Gonzalez and Herrera and stated that their directive was a violation of state and federal law regarding age discrimination.

39. In July 2024, Plaintiff learned that a candidate for a driver's position that Plaintiff selected for an interview had been rejected.

40. Plaintiff later learned that the candidate was rejected because of their age.

41. After advising Herrera that the rejection of the candidate was age discrimination, Herrera told Plaintiff, "never send us a candidate like her that is old."

42. Plaintiff again voiced her objection that the Company was engaging in age discrimination.

43. In September 2024, Plaintiff was advised that the Tampa location needed a medical assistant, and Plaintiff sent resumes over to Office Manager, Dayalixis Perez, to review.

44. However, Perez requested that Plaintiff not send her any male candidates because she did not like working with men.

45. Plaintiff explained to Perez that the Company could not take that position because it was against the law to discriminate against applicants because of their gender.

46. Later in September 2024, Plaintiff completed an exit interview with an employee, Liudmila Borges.

47. During the exit interview, Ms. Borges expressed some behavior that Plaintiff thought might be retaliatory in nature and accordingly, Plaintiff asked Ms. Borges if she believed she had experienced retaliation.

48. Because retaliation might implicate violations of state and federal laws, Plaintiff wanted to ensure the Company had no legal exposure.

49. Gonzalez and Herrera reviewed the video of the exit interview and saw that in response to a comment made by Ms. Borges, Plaintiff had asked if Ms. Borges felt she had experienced retaliation.

50. Thereafter, Plaintiff was informed by Gonzalez and Herrera that she was being investigated because in their mind, Plaintiff appeared to be working against HMC's best interests.

51. On October 7, 2024, Plaintiff celebrated her 50th birthday and Herrera said to Plaintiff, "how does it feel to be old."

52. Because of Defendant's apparently strong opposition to hiring and retaining "older" individuals, Plaintiff immediately became concerned that Herrera may terminate her employment because she was "too old."

53. On October 18, 2024, Perez advised Plaintiff not to hire a candidate that Plaintiff had previously sent to Perez to interview because it appeared the candidate had mental disabilities.

7

54. Plaintiff was surprised at the rejection of this candidate because Plaintiff believed the candidate to be qualified for the position.

55. The Plaintiff again raised objections to the rejection of the candidate because state and federal law prohibited not hiring an applicant because of their disability.

56. On October 22, 2024, Plaintiff sent an email to Perez advising that she was engaging in discrimination, and her violating procedures would put the Company in potential legal jeopardy, and Plaintiff copied Gonzalez and Herrera.

57. On October 25, 2024, Plaintiff was terminated.

58. Plaintiff was terminated because of her age and because she made numerous objections to Defendant's violations of the law.

## COUNT I
## AGE DISCRIMINATION IN VIOLATION OF THE ADEA

59. Plaintiff re-alleges and adopt the allegations contained within paragraphs 1 through 30, 50, 54 and 55, above as if fully set forth herein.

60. Plaintiff was fifty (50) years of age and a member of a protected class at the time of her termination.

61. Plaintiff was qualified for her position because she had performed well in that position for a substantial period of time.

62. Plaintiff was subjected to the adverse employment action of being

8

terminated.

63. Plaintiff was treated less favorably than younger, similarly situated employees.

64. Defendant discriminated against Plaintiff based on her age.

65. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against discrimination under the ADEA because it treated Plaintiff less favorably because of her age.

66. The discrimination to which Plaintiff was subjected was based on her age.

67. Defendant does not have a legitimate non-discriminatory reason for its firing of Plaintiff.

68. The conduct of Defendant and its agents and employees, proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, and future pecuniary losses.

69. The conduct of Defendant was willful and wanton, and in reckless disregard of the statutory rights of the Plaintiff.

70. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to the ADEA.

71. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

    a.    Back pay and benefits;

    b.    Interest on back pay and benefits;

    c.    Front pay and benefits;

    d.    Liquidated damages;

    e.    Injunctive relief;

    f.    Prejudgment interest;

    g.    Costs and attorney's fees; and

    h.    Such other relief as the Court may deem just and proper.

## COUNT II
## AGE DISCRIMINATION IN VIOLATION OF THE FCRA

72. Plaintiff re-alleges and adopts the allegations of paragraph 1 through 30, 50, 54 and 55, above as if fully set forth herein.

73. Plaintiff brings this cause of action pursuant to Section 760.07, F.S.

74. Plaintiff was fifty (50) years of age and a member of a protected class at the time of her termination.

75. Plaintiff was qualified for her position because he had performed well in that position for a substantial period of time.

76. Plaintiff was subjected to the adverse employment action of being terminated.

77. Plaintiff was treated less favorably than younger, similarly situated employees.

78. Defendant discriminated against Plaintiff because of her age.

79. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against discrimination under the FCRA because it treated Plaintiff less favorably because of her age.

80. The discrimination to which Plaintiff was subjected was based on her age.

81. Defendant does not have a legitimate, non-discriminatory reason for its firing of Plaintiff.

82. The conduct of Defendant and its agents and employees, proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

83. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of the Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter Defendant, and others, from such conduct in the future.

84. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to the FCRA.

85. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

    a.    Back pay and benefits;

    b.    Interest on back pay and benefits;

    c.    Front pay and benefits;

    d.    Compensatory damages for emotional pain and suffering;

    e.    Injunctive relief;

    f.    Prejudgment interest;

    g.    Costs and attorney's fees; and

    h.    Such other relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF FLORIDA WHISTLEBLOWER ACT

86. Plaintiff re-alleges and adopts the allegations of paragraph 1-27, 31-49, 51-56, above as if fully set forth herein.

87. Plaintiff engaged in statutorily protect activity by objecting to Defendant's numerous illegal activities, including federal and state wage and hour laws and age discrimination in violation of state and federal law.

88. Plaintiff was terminated by the Defendant in retaliation due to Plaintiff's objecting to several violations of a law, rule, or regulation as described above, in violation of Florida Statutes §448.103(3).

89. There is a causal connection between Plaintiff's objections to Defendant's various violations of the law and Plaintiff's termination.

90. As a direct and proximate result of the Defendants' action described herein, Plaintiff is entitled to relief pursuant to Florida Statutes §448.103(2) as follows:

    a. An injunction restraining continued violation of this act.

    b. Reinstatement of the employee to the same position held before the retaliatory personnel action, or to an equivalent position.

    c. Reinstatement of full fringe benefits and seniority rights.

    d. Compensation for lost wages, benefits, and other remuneration.

    e. Any other compensatory damages allowable at law.

91. Plaintiff is entitled to reasonable attorney's fees pursuant to Florida Statutes §448.104.

WHEREFORE, Plaintiff demands judgment against Defendants, for damages together with interest, reasonable attorney's fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by jury of all issues so triable.

Dated this 25th day of February, 2026.

        Respectfully submitted,

        ***/s/ Anthony J. Hall***
        Anthony J. Hall, Esq. – LEAD COUNSEL
        FL Bar No. 40924
        THE LEACH FIRM, P.A.
        1560 N Orange Avenue, Suite 600
        Winter Park, Florida 32789
        Telephone: (407) 574-4999
        Facsimile: (833) 523-5864
        Email: ahall@theleachfirm.com
        Email: aperez@theleachfirm.com
        ***Attorneys for Plaintiff***