**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

LISSI LYTLE,

       Plaintiff,

v.                                                        Case No. 8:26-cv-532-KKM-TGW

HUMANITARY MEDICAL
CENTER, INC.,

       Defendant.

_____

## <u>ORDER</u>

Lissi Lytle sues Humanitary Medical Center, Inc., (HMC), alleging that HMC unlawfully terminated her employment in violation of the Age Discrimination in Employment Act (ADEA), Florida Civil Rights Act (FCRA), and Florida Whistleblower Act. *See* Compl. (Doc. 1). HMC moves to dismiss Lytle's age discrimination claims with prejudice under Federal Rule of Civil Procedure 12(b)(6). Mot. (Doc. 13). Lytle responds in opposition. Resp. (Doc. 19). For the below reasons, I grant HMC's motion in part and dismiss the claims without prejudice and with leave to amend.

## I.    BACKGROUND

In May 2023, Lissi Lytle was hired as HMC's Human Resources Manager. Compl. ¶ 28. At the time, Lytle was approximately forty-eight or

forty-nine years old. *See id.* ¶¶ 19, 28, 57. She "performed her job well and had no discipline or performance issues." *Id.* ¶ 30.

In 2024, Lytle began raising concerns to her supervisors, Juan Herrera and Eliecer Gonzalez, that HMC was violating federal and state employment law, including by discriminating against employees and applicants based on their age. *See id.* ¶¶ 31–49. In one instance, Gonzalez asked Lytle to terminate an employee because "she was too old." *Id.* ¶ 33. In another instance, an applicant for a driver position "was rejected because of their age." *Id.* ¶¶ 39–40. Later, Lytle asked an employee during a recorded exit interview whether "she believed she had experienced retaliation." *Id.* ¶ 47. "Thereafter, [Lytle] was informed by Gonzalez and Herrera that she was being investigated because in their mind, [Lytle] appeared to be working against HMC's best interests." *Id.* ¶ 50. On October 22, 2024, Lytle copied Gonzalez and Herrera on an email to another HMC manager advising that the manager was engaging in discrimination by declining to hire an applicant because of their disability. *See id.* ¶ 56. Three days later, Lytle was terminated. *Id.* ¶ 57. At the time of termination, Lytle was fifty years old. *Id.* ¶ 51.

Lytle alleges that she was "terminated because of her age and because she made numerous objections to [HMC's] violations of the law." *Id.* ¶ 58. Lytle brings claims for age discrimination under the ADEA (Count I), FCRA (Count II), and the Florida Whistleblower Act (Count III). *See id.* ¶¶ 59–91. In the age

discrimination counts, Lytle alleges that HMC "discriminated against [her] because of her age" and "treated [her] less favorably than younger, similarly situated employees." *Id.* ¶¶ 63–64, 77–78. HMC moves to dismiss Counts I and II for failure to state a claim. *See* Mot.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." This pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

"To survive a motion to dismiss" under Rule 12(b)(6), a plaintiff must plead sufficient facts to state a claim that is "plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A claim is facially plausible when a "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The complaint's factual allegations are accepted "as true" and construed "in

the light most favorable to the plaintiff." *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).

### III.   ANALYSIS

HMC argues that Lytle's age discrimination claims should be dismissed because Lytle fails to sufficiently allege that she was treated less favorably than younger employees or that Lytle's age was the but-for cause of her termination. *See* Mot. at 4. Lytle responds that HMC silently imports the *McDonnell Douglas* framework into the pleading stage, where Lytle need not yet provide specific evidence of discrimination. *See* Resp. at 5–7. Although Lytle is correct that she need only plausibly allege—and not prove—age-based discrimination, I disagree that her complaint does so.

"Age discrimination claims brought under the FCRA are analyzed under the same framework as the [ADEA]." *Rainey v. United Parcel Serv., Inc.*, 816 F. App'x 397, 400 (11th Cir. 2020) (per curiam). Both statutes prohibit employers from taking an adverse employment action against an employee who is at least forty years of age *because of* that employee's age. *See* 29 U.S.C. §§ 623(a), 631(a); *Gross v. FBL Financial Services, Inc.*, 557 U.S. 167, 176 (2009) ("[A] plaintiff must prove that age was the 'but-for' cause of the employer's adverse decision."). A plaintiff may establish a prima facie case under either statute by alleging "(1) that she was a member of the protected group of persons between the ages of forty and seventy; (2) that she was subject

4

to adverse employment action; (3) that a substantially younger person filled the position that she sought or from which she was discharged; and (4) that she was qualified to do the job for which she was rejected." *Kragor v. Takeda Pharms. Am., Inc.*, 702 F.3d 1304, 1308 (11th Cir. 2012).

To Lytle's credit, the Supreme Court "has never indicated that the requirements for establishing a prima facie case under *McDonnell Douglas* also apply to the pleading standard that plaintiffs must satisfy in order to survive a motion to dismiss." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 511 (2002). "Although an employment discrimination complaint need not allege facts sufficient to make out a *prima facie* case, it must nonetheless provide enough factual matter to plausibly suggest intentional discrimination." *Buchanan v. Delta Air Lines, Inc.*, 727 F. App'x 639, 641 (11th Cir. 2018) (per curiam) (citing *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1246 (11th Cir. 2015) (per curiam)).

To start, I agree with HMC that Lytle's complaint "contain[s] only threadbare recitals of the third elements required under both claims." Mot. at 4. Although Lytle generally alleges that HMC supervisors made statements about terminating other employees or refusing to hire applicants based on their age, *see* Compl. ¶¶ 33, 36–37, 39–40, with respect to her own employment she alleges merely that she "was treated less favorably than younger, similarly situated employees," *id.* ¶¶ 63, 77. Lytle says nothing more about who those

employees were, their age, their qualifications or experience relative to her own, or that they filled the position from which she was discharged. *See Rhenals v. Fed. Express Corp.*, No. 1:24-CV-22556, 2024 WL 4665254, at \*7 (S.D. Fla. Nov. 4, 2024) (dismissing ADEA claim where plaintiff "fail[ed] to state the ages of the employees nor their qualifications for [the] Court to analyze whether [the defendant] treated him less favorably than younger, similarly situated employees"). Ultimately, Lytle's one-sentence allegation is nothing more than "a formulaic recitation of the elements of a cause of action," *Iqbal*, 556 U.S. at 678 (citation modified), and thus does not "allege[] facts adequate to raise her right to relief above a speculative level," *Buchanan*, 727 F. App'x at 642.

Compounding this pleading deficiency, Lytle also fails to allege facts plausibly suggesting that age was the but-for cause of her termination. Instead, Lytle's age discrimination claims contain only conclusory allegations that HMC discriminated against her "based on her age" and that HMC did "not have a legitimate non-discriminatory reason" for doing so. *See* Compl. ¶¶ 64, 67, 78, 81. At most, Lytle argues that her supervisors' general "animus towards older workers," paired with Herrera questioning Lytle, "how does it feel to be old?" on Lytle's fiftieth birthday, "plausibly suggest[s] intentional age discrimination." Resp. at 5–6. As Lytle alleges elsewhere, though, she "was terminated because of her age *and* because she made numerous objections to

6

[HMC's] violations of the law." Compl. ¶ 58 (emphasis added). HMC was actively investigating her for "working against HMC's best interests," purportedly based on Lytle's pattern of reporting concerns. *See* Compl. ¶ 50. In fact, Lytle was terminated within days of advising an HMC manager that the manager was engaging in discrimination by refusing to hire an applicant with mental disabilities. *See id.* ¶¶ 55–57. Absent additional facts related to HMC's age-based treatment of Lytle, the remaining allegations in the complaint create an inference of retaliatory termination, not age-based discrimination.

Because it remains possible for Lytle to remedy these pleading deficiencies, I dismiss the age discrimination claims with leave to amend.

## IV. CONCLUSION

Lytle's conclusory allegations fail to plausibly allege claims for age discrimination under the ADEA or FCRA. Accordingly, the following is **ORDERED**:

1.    Defendant's Motion to Dismiss (Doc. 13) is **GRANTED in part.**

2.    Counts I and II of the Complaint (Doc. 1) are **DISMISSED without prejudice.**

3.    No later than **July 30, 2026**, Plaintiff may file an amended complaint.

**ORDERED** in Tampa, Florida, July 16, 2026.

Kathryn Kimball Mizelle
United States District Judge

8